UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK WITHERSPOON,

Plaintiff,

v. Case No. 26-cv-692-pp

THE MAREK GROUP,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

On April 21, 2026, plaintiff Mark Witherspoon, who is representing himself, filed a complaint alleging that he was discriminated against by the defendant, his former employer. Dkt. No. 1. The plaintiff has filed a motion requesting leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee, and it will allow the plaintiff to proceed on a race-discrimination-in-pay claim under 42 U.S.C. §1981 and Title VII of the Civil Rights Act, 42 U.S.C. §§2000e *et seq.*

## I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under

penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff states that he is employed and that he has $1,133 in monthly income. Dkt. No. 2 at 1-2. The plaintiff says that he has $979 in monthly expenses for rent, car payments, credit card payments and other living expenses. Id. at 2-3. The plaintiff asserts that he has no cash or other assets. Id. at 4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 Fed. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

## II. Screening the Complaint (Dkt. No. 1)

### A. Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to

state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B. The Complaint

The plaintiff alleges that he had worked for the defendant for about three and a half years as a driver. See Dkt. No. 1 at 2, 4. The defendant paid him $19 an hour. Id. at 2. After working for the defendant for about a year and a half, the defendant hired two new drivers and paid them $20 an hour. Id. The job

responsibilities were the same for the new drivers and the plaintiff; the plaintiff trained the new drivers. Id. at 2-3. The new drivers are White; the plaintiff is Black. Id. at 3. The plaintiff was the only Black man working in the warehouse department. Id.

Around August 2024, the plaintiff asked the defendant's vice president, Jim DeLisle, to adjust his hourly rate to $20 an hour, in line with the two new drivers' hourly rates. Id. at 2. DeLisle told the plaintiff to wait until November 2024 "to see what happens then." Id. In January 2025, the defendant raised the plaintiff's hourly rate to $20. Id.

It appears that the plaintiff moved from the defendant's Waukesha warehouse facility to another facility located in Sussex, Wisconsin. See id. at 3. Around the summer of 2025, one of the new drivers, Greg, had complained to management that he was not making enough money and would quit if the defendant didn't give him a raise. Id. The defendant gave him the raise. Id. Hearing this story from Greg, the plaintiff went to DeLisle to ask about it and requested a raise. Id. DeLisle told him that "the company was in a bind right now so could not [give] a raise." Id.

The plaintiff filed a charge with the United States Equal Employment Opportunity Commission, which was dismissed. It is not clear when the plaintiff received the EEOC's dismissal notice. Because the plaintiff had not downloaded copy of the EEOC's decision, an investigator with the EEOC sent the plaintiff a letter dated March 20, 2026 informing him of the decision and the ninety-day period for filing a lawsuit. Dkt. No. 1-1 at 1. The plaintiff did not

include the EEOC's dismissal with the instant complaint; he filed only a copy of the investigator's letter and the notice of rights enclosed with the dismissal decision. See id. at 1-4.

C. Analysis

The plaintiff sufficiently has alleged a race-discrimination-in-pay claim under §1981 and Title VII of the Civil Rights Act. See 42 U.S.C. §1981; 42 U.S.C. §2000e-2(a)(1); see also Baines v. Walgreen Co., 863 F.3d 656, 661 (7th Cir. 2017) (observing that courts apply the same standard to review discrimination claims under §1981 and Title VII, citing Humphries v. CBOCS West, Inc., 474 F.3d 387, 403–04 (7th Cir. 2007)).

To state a race-discrimination-in-pay claim under Title VII or §1981, a plaintiff needs to allege only "enough facts to allow for a *plausible* inference" that the adverse employment action was connected to his protected characteristics. See Kaminski v. Elite Staffing, Inc., 23 F.4th 774, 777 (7th Cir. 2022); Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008) (pay-discrimination claim adequately pleaded where plaintiff alleged that she was paid less than similarly situated employees outside her protected class); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-12 (2002).

The plaintiff alleges that the defendant did not immediately give him a raise in August 2024 to equalize his $19 hourly rate with the newly hired drivers' $20 hourly rate. He also alleges that the defendant refused to give him a raise in the summer of 2025 when it gave a raise to another, similarly situated driver. The plaintiff alleges that he is Black, that the newly hired

drivers are White and that their job responsibilities are the same. Based on the well-pleaded allegations in the complaint, the plaintiff has alleged sufficient facts to raise a plausible inference that the adverse employment action of refusing him a raise was connected to his race. The court will allow the plaintiff to proceed on a race-discrimination-in-pay claim under §1981 and Title VII of the Civil Rights Act.

Though the court is unable to determine whether any potential claims have been administratively exhausted under the EEOC's rules, the court is not required to address this issue. Exhaustion of administrative remedies under Title VII is an affirmative defense that does not affect this court's jurisdiction to review the plaintiff's claims. See Fort Bend C'nty, Texas v. Davis, 587 U.S. 541, 551 (2019) (holding that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts"); Salas v. Wis. Dep't of Corr., 493 F3d 913, 922 (7th Cir. 2007) ("A plaintiff's failure to exhaust administrative remedies is an affirmative defense, which is the defendant's burden to prove."). And a race-discrimination-in-pay claim under §1981(b) is governed by the four-year limitations period in 28 U.S.C. §1658(a). See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382-83 (2004). The conduct forming the basis of the plaintiff's race-discrimination-in-pay claim arose in August 2024, well within the four-year limitation period.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff may proceed against the defendant based on a race-discrimination-in-pay claim under §1981 and Title VII of the Civil Right Act.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on the defendant under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that the defendant must answer or otherwise respond to the complaint.

The court **ORDERS** that the parties must not begin discovery until after the court issues a scheduling order setting deadlines for discovery and dispositive motions.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss

the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. It is the plaintiff's responsibility to notify the court if he changes addresses; if he does not keep the court advised of his address the court may dismiss this case without further notice.

Dated in Milwaukee, Wisconsin this 19th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**